```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| U.A. LOCAL 322 PENSION FUND, NO. 322 PENSION FUND, et al. Plaintiffs, v. DIRECT AIR LLC, d/b/a Direct Air, LLC d/b/a Direct Air Heating & Cooling, Defendant. | HONORABLE JEROME B. SIMANDLE Civil Action No. 16-3757 (JBS/KMW) **MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

This matter comes before the Court on the motion of Plaintiffs U.A. Local 322 Pension Fund[1], its associated benefit funds[2] and South Jersey Mechanical Contractors Association, Inc. (hereinafter, "Plaintiffs") for default judgment.[3] Plaintiffs

---

[1] The Pension Fund is also known as and referenced as "Plumbers and Pipefitters Local Union No. 322 Pension Fund" and "U.A. Local Union No. 322 Pension Fund." (Compl. ¶ 4.)

[2] The associated benefit funds are U.A. Local 322 Health and Welfare Fund, U.A.Local 322 Annuity Fund, U.A. Local 322 Education Fund, Local322 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, and U.A. Local 322 Political Action Committee.

[3] The Court also notes that Kurt R Krueger, Jr., Trustee and Fiduciary of U.A. Local 322 Pension Fund and its associated benefit funds, and Dan Falasca, Jr, Chairman of South Jersey Mechanical Contractors Association, Inc., are named Plaintiffs.

brought this suit against Defendant Direct Air, LLC, alleging that Defendant failed to submit timely remittance reports and contributions, due under a collective bargaining agreement between the parties, for the periods August 2015 through January 2016, June 2016, December 2016 and January 2017. Because Defendant has not answered or otherwise responded to Plaintiffs' Complaint, Plaintiffs now seeks default judgment against it under Fed. R. Civ. P. 55(b). For the reasons that follow, Plaintiffs' unopposed motion for default judgment will be granted, and the Court will enter a Default Judgment in favor of Plaintiff and against Defendant in the amount of $10,498.73. Moreover, the Court will order that Defendant submit to an audit in order to ascertain any remaining delinquent contributions owed to Plaintiffs.

The Court finds as follows:

1. **Factual and Procedural Background.** Plaintiffs filed a Complaint [Docket Item 1] on June 27, 2016, alleging that Defendant employer Direct Air LLC neglected to make <u>timely</u> contributions to employee benefit plans as required under the terms of a Collective Bargaining Agreement ("CBA"), in violation of Section 515 of ERISA, 29 U.S.C. § 1145. [Docket Item 6-2 ¶

10.] The Labor Agreement[4] requires all signatory employers to submit monthly contributions to the Benefit Plans by the fifteenth (15th) of every month following the month in which the work has been performed. The Labor Agreement further provided for interest, costs and reasonable attorneys' fees, stating that:

> "if the contributions are not submitted by that date, that interest on the outstanding contributions accrue from the due date of the delinquent contributions at the rate of prime plus two percent (2%) which rate shall be established and reestablished on January 1 and July 1 of each year as published by the Wall Street Journal. Delinquent companies are also responsible for all costs of collection including reasonable attorneys' fees incurred in collection efforts. If the delinquent contributions are still outstanding for ten (10) days or more from the date of the first notice of delinquency, liquidated damages in the amount of ten percent (10%) of the delinquent contributions are immediately assessed."

[Docket Item 6-2 ¶ 7](internal citations omitted). Plaintiffs allege that they are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and

---

[4] [Docket Item 6-3.]

control or knowledge of the Defendant. As a result of these allegations, Plaintiffs seek both legal and equitable relief. Plaintiffs seek at least the amount of $4,610.29[5] in liquidated damages and interest plus any additional amounts which may become due during the pendency of this lawsuit together with any amounts revealed by an audit, late charges, interest at the rates prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages at ten percent as provided by the documents governing the Funds or statute, the cost of an audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment as provided under the Labor Agreement.

In order to determine the precise amount of delinquent contributions owed to Plaintiffs, Plaintiffs specifically seek equitable relief in the form of an injunction enjoining "Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or

---

[5] This figure is a sum of the liquidated damages and interest assessed on contributions paid beyond the due date for the periods of June 2015 to July 2015 ($963.83) and July 2016 to November 2016 ($3,646.46). [Docket Item 6-2 ¶ 8.]

4

participation with them to permit an audit of all records under the actual or constructive control of the Defendant and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due for the period January 1, 2012 through the present." (Compl. ¶¶ 26-33.)[6]

2. The Complaint together with the summons was served upon Sal Toarmina, the purported owner of Direct Air LLC, on August 17, 2016 at 2431 Reed Street, Philadelphia, PA 19146. [See Docket Item 4.] Defendant filed no response to Plaintiffs' Complaint, and the Clerk of Court accordingly entered default against Defendant on September 14, 2016.[7] Plaintiffs' motion for default judgment followed, to which Defendant has not filed a response. [See Docket Item 7.]

3. In support of the pending motion, Plaintiff filed an affidavit from John Shaloo, the Administrator of the benefits plans for Plumbers & Pipefitters Local Union 322 of Southern New Jersey. [Docket Item 6-2.] The affidavit provides that, in the

---

[6] Though Plaintiffs' six-count Complaint seems to also request that the Court enjoin Defendant from continuing to breach the collective bargaining agreement, Plaintiffs' Motion for Default Judgment does not include this request. Thus, the Court will not address such.

[7] The deadline to respond to Plaintiff's Complaint was September 7, 2016.

5

course of his standard review of the business records, Shaloo identified that Defendant submitted June 2015 and July 2015 contributions on September 21, 2015. (Id. at ¶ 8.) Pursuant to the aforementioned provisions of the agreement, a total of $963.84 was assessed in liquidated damages and interest for the untimely submitted contributions and remittance reports. (Id.) Moreover, Shaloo noted that, since the filing of the Complaint, Defendant submitted remittance reports and contributions for the months of July 2016 through November 2016. (Id.) A total of $3,646.36 was assessed for that time period in interest and liquidated damages. (Id.) Lastly, Shaloo noted that Defendant "failed to timely submit contractually-required contributions for the periods August 2015 through January 2016, June 2016, December 2016 and January 2017." (Id. at ¶ 10.)

4.  **Standard of Review.** Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading. See Fed. R. Civ. P. 55(b)(2); see also Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). A party seeking default judgment is not entitled to relief as a matter of right; the Court may enter default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." Ramada

6

Worldwide Inc. v. Courtney Hotels USA, LLC, Case No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (internal quotations and citation omitted). Thus, before granting default judgment, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a sufficient cause of action, and (3) whether the circumstances otherwise render the entry of default judgment "proper." Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). A court must accept as true every "well-pled" factual allegation of the complaint, but no presumption of truth applies to the plaintiff's legal conclusions or factual assertions concerning damages. Comdyne I. Inc. v. Corbin, 908 F.2d 1149 (3d Cir. 1990); 10 C. Right, A. Miller, & M. Kane, Federal Practice and Procedure (2d ed. 1983), § 2688, at 444. The Court addresses each element in turn.

    5.    **Subject Matter Jurisdiction.** Although a breach of contract would normally be a state law cause of action, see generally Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994), because this involves enforcement of rights under ERISA, this Court has federal question subject matter jurisdiction. See Bd. of Trustees of Hotel & Rest. Employees

Local 25 v. Madison Hotel, Inc., 97 F.3d 1479, 1487 (D.C. Cir. 1996).

6. **Legitimate Cause of Action – Breach of Collective Bargaining Agreement.** The Court readily finds that Plaintiff has asserted a valid cause of action for breach of contract. To make out a claim for breach of contract under New Jersey law, a plaintiff must allege that (1) there is a contract between the parties; (2) the contract was breached; (3) the breach caused damages; and (4) the party stating the claim performed its own contractual obligations. Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007) (citing Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F. Supp. 2d 552, 561 (D.N.J. 2002)). Here, Plaintiffs have alleged the existence of a contract, specifically the Collective Bargaining Agreement. (Compl. ¶ 15.) Plaintiffs have alleged that Defendant breached the terms of the Agreement by failing to make timely contributions to Plaintiffs on a monthly basis. (Compl. ¶ 20.) The Plaintiffs have sufficiently claimed resulting harm from this breach in the amount of at least $4,610.29. [Docket Item 6-2 ¶ 8.] Therefore, Plaintiffs have sufficiently alleged a cause of action for breach of contract to establish Defendant's liability for the purposes of this default judgment.

7. **Legitimate Cause of Action – Violation of ERISA.** In their Complaint, Plaintiffs have also asserted a claim for

violation of ERISA resulting from Defendant's breach of the Collective Bargaining Agreement. ERISA Provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. ERISA further provides that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
> (A)  the unpaid contributions
> (B)  interest on the unpaid contributions,
> (C)  an amount to the greater of—-
> (i)   interest on the unpaid contributions, or
> (ii)  liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E)  such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In this case, Plaintiffs have brought this suit to enforce payment of delinquent employer contributions pursuant to 29 U.S.C. § 1145 (Compl. ¶ 23, 25), as required by the Collective Bargaining Agreement. Plaintiffs claim that the liquidated damages sought are ten percent of the amount of the late payments, which is provided for in the

9

Collective Bargaining Agreement. (Comp. ¶ 25.) This is reasonable under ERISA since the liquidated damages are provided for under the plan and are not in excess of twenty percent. Plaintiffs further allege that they are entitled to reasonable attorney fees in the amount of $4,626.02 and costs in the amount of $664.02 pursuant to 29 U.S.C. § 1132(g)(2). [Docket Item 6-4 ¶ 2.]

Therefore, the Plaintiffs have stated a sufficient cause of action under ERISA to establish Defendant's liability for purposes of default judgment.

8. **Appropriateness of Default Judgment.** The Court must finally examine whether the entry of default judgment would be proper, taking into consideration whether the party subject to default has a meritorious defense, the prejudice suffered by the party seeking default, and the culpability of the party subject to default. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).

9. In this case, Defendant has failed to proffer any defense, meritorious or otherwise, to Plaintiffs' claims, and the Complaint itself reflects no fatal deficiency. See Hill v. Williamsport Police Dept., 69 Fed. App'x 49, 52 (3d Cir. 2003) ("Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a

litigable defense, [rendering this] factor . . . inconclusive."); Surdi v. Prudential Ins. Co. of Am., No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) ("The facts as alleged in the Complaint provide no indication of a meritorious defense.").

10. Moreover, as Plaintiffs have no other means to recover damages from Defendant, Plaintiff will be prejudiced in the absence of default judgment. See Joe Hand Promotions, Inc. v. Waldron, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013) (noting prejudice to plaintiff "because it has no alternative means of vindicating its claim against the defaulting parties."); Gowan v. Cont'l Airlines, Inc., No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (inability to "vindicate rights" absent a default judgment constitutes prejudice).

11. Lastly, the Court notes that Defendant was served with the Complaint nearly fifteen months ago [Docket Item 4.], yet to date has never responded to or defended against Plaintiffs' claims, nor even entered an appearance in this case. Defendant may be presumed culpable for their inaction. See Lee v. A to Z Trading LLC, No. 12-4624, 2014 WL 7339195, at *3 (D.N.J. Dec. 23, 2014) (finding the defendant's failure to respond despite awareness of the litigation "due to culpable conduct"); Teamsters Health & Welfare Fund, 2012 WL 3018062, at *4 ("Defendant's failure to answer demonstrates Defendant's

culpability in its default"); Slover v. Live Universe, Inc., No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (Defendant is presumed culpable where it has failed to answer, move, or otherwise respond). On balance, these factors weigh in Plaintiffs' favor, and the Court will accordingly grant default judgment. See Joe Hand Promotions, Inc., 2013 WL 1007398, at *4 (finding that factors weigh in favor of default where there was no indication of a cognizable defense to plaintiffs' claims, plaintiff had no alternative means of seeking damages, and defendants failed entirely to respond). Upon the evidence submitted, Plaintiffs have proved Defendant is liable as alleged.

12. **Damages.** The Court turns now to the question of damages. In considering the amount of damages, where a plaintiff seeks damages in a sum certain, the Court may rely upon detailed affidavits, without resorting to a hearing. Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994); Golia v. IBCS Group, Inc., Case No. 14-2577, 2015 WL 1914652, at *4 (D.N.J. April 27, 2015). Though Plaintiffs are without the necessary information to determine the full extent of Defendant's delinquency, Plaintiffs do seek a sum certain for the amount that they have been able to determine. Plaintiffs maintain that Defendant is liable for liquidated damages in the amount of $4,610.29 as a result of late payments. [Docket Item 6-2 ¶ 8.] The amount of liquidated

damages represents 10 percent of the amount of the late payments, which is provided for pursuant to the Collective Bargaining Agreement. [Docket Item 6-2 ¶ 7.] The Court agrees. Therefore, the Court will award $4,610.29 in liquidated damages to Plaintiffs.

13. **Injunctive Relief.** Plaintiffs allege that Shaloo's review of the Funds' business records revealed that Defendant also failed to timely submit contributions for periods of August 2015 through January 2016, June 2016, December 2016, and January 2017, but Plaintiffs are unable to determine the precise amount owed due to Defendant's failure to submit the monthly remittance reports. [Docket Item 6-2 ¶ 10.] Thus, Plaintiffs seek equitable relief enjoining Defendant to submit to an audit in order to determine the precise amount of delinquent contributions owed to Plaintiffs. The Court finds that this is an appropriate remedy in this situation. See Acosta v. Nat'l Packaging, Inc., Civil Action No. 09-701 (GEB), 2010 U.S. Dist. LEXIS 75847, at *9 (D.N.J. July 28, 2010)(granting Plaintiff's request to enjoin defendant employer to submit to audit of defendant's records to ascertain other delinquent contributions).

14. **Costs and Attorneys' Fees.** Finally, Plaintiffs seek $457.94[8] in costs and $5,430.50 in attorneys' fees. [Docket Item 6-4.] The starting point for this Court's determination of reasonable attorneys' fees is the lodestar calculation, which is the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate. United Auto. Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007). A request for fees must be accompanied by "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." Id. at 291 (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)). Moreover, "where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Here, Plaintiffs have submitted adequate and specific fee information as required by L. Civ. R. 54.2 (D.N.J.).

---

[8] The Court notes a discrepancy between what Plaintiffs represent the costs incurred in this case to be in two of their exhibits. [See Docket Items 6-4; 6-5.] The Court will rely on the figure in what appears to be the most recent report [Docket Item 6-5.], as this is also the figure reflected in Plaintiffs' proposed order [Docket Item 6-7.].

14

15. The Court has reviewed the eight-page billing record from Plaintiffs' counsel, Jennings Sigmond, P.C., containing individual entries memorializing the work spent on this case, and notes that it contains sufficient detail to determine whether the fees and costs are reasonable. [Docket Items 6-4; 6-5.]; See Teamsters Health & Welfare Fund, 2012 WL 3018062, at *5. The record reflects that attorneys spent 30.5 hours on research, client contact, drafting pleadings, and filing the present motion for default judgment. Counsel charged reasonable hourly rates between $70 and $195. In addition, counsel accrued $457.94 in costs from the Complaint filing fee, postage, and service on Defendant. [Docket Item 6-4.] Having carefully examined the itemized invoice submitted, the Court is satisfied that the fees and costs are well documented and do not appear to be "excessive, redundant, or otherwise unnecessary," and that 30.5 hours of work at the stated hourly rate is reasonable in light of the nature of the case and the services rendered. Interfaith Cmty Org. v. Honeywell Intern., Inc., 426 F.3d 694, 711 (3d Cir. 2005). Accordingly, the Court will award fees and costs in the requested amount of $5,888.44.

16. For the reasons stated above, the Court will grant Plaintiffs' motion for default judgment, and the Court will enter Default Judgment against Defendant and in favor of Plaintiffs in the amount of $10,498.73, consisting of $4,610.29

in liquidated damages and $5,888.44 in reasonable attorneys' fees and litigation costs. Additionally, the Court will order defendant to submit to an audit. Following such audit, Plaintiffs retain the right to file a motion to amend default judgment in order to seek any additional amount of delinquent contributions and reasonable attorneys' fees that are detected in the audit.

    17. An accompanying Order for Default Judgment will be entered.

**November 21, 2017**　　　　　　　　　　　　**s/ Jerome B. Simandle**
    Date　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
  　　　　　　　　　　　　　　　　　　　　U.S. District Judge