IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.A. LOCAL 322 PENSION FUND, NO. 322 PENSION FUND, et al.<br>Plaintiffs,<br><br>v.<br><br>DIRECT AIR LLC,<br>d/b/a Direct Air, LLC<br>d/b/a Direct Air Heating & Cooling,<br>Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-3757 (JBS/KMW)<br><br>**ORDER FOR DEFAULT JUDGMENT** |

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, U.A. Local 322 Pension Fund, U.A. Local 322 Health and Welfare Fund, U.A. Local 322 Annuity Fund, U.A. Local 322 Education Fund, Local 322 of the United Association of Journeyman and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, U.A. Local 322 Political Action Committee, Kurt R. Krueger, Jr., South Jersey Mechanical Contractors Association Industry Fund and Dan Falasca, Jr. (collectively, "Plaintiffs"), it appears to the Court that Defendant, Direct Air L.L.C. d/b/a Direct Air, LLC d/b/a Direct Air Heating & Cooling ("Defendant") was served process on August 17, 2016 and has knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendant having been entered;

IT IS this __**21st**__ day of __**November**__, 2017, hereby
**ORDERED**:

1. Judgment is entered against Defendant, and in favor of each listed Plaintiff in the amount of $10,498.73 which includes the following:
    a. $963.83 in liquidated damages and interest assessed on contributions for June and July 2015 paid beyond the due date but before the filing of the complaint; and
    b. $3,646.46 in liquidated damages and interest assessed on contributions paid beyond the due date for the months of July 2016 through November 2016 but paid after the filing of the complaint; and
    c. $5,888.44 in attorneys' fees and costs incurred in the collection of these sums due through March 27, 2017.
2. Defendant shall pay to the Plaintiffs any additional reasonable attorneys' fees and costs incurred in connection with this case on and after March 27, 2017 including, without limitation, those incurred to enforce and collection this judgment. If further action by the Plaintiffs is required, they may apply to this Court or to the Court in which the enforcement is sought for further

reasonable attorneys' fees and costs in addition to those set out in ¶ 1 above.

3. If Defendant fails to comply with any of the terms of this Order, Plaintiffs may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief, including a motion for contempt of court;

4. Because of Defendant's persistent failure to meet its reporting and payment obligations to the Plaintiffs under the terms of the collective bargaining agreements, the Plaintiffs' Agreements and Declarations of Trust and 29 U.S.C. § 1145, Defendant, its officers, agents, servants, employees, attorneys and all persons acting on its behalf or in conjunction with them shall be and hereby are restrained and enjoined:

    a. to submit to an audit of its wage, payroll and personnel records for all periods for which Defendant is obligated to contribute to the Plaintiffs within twenty (20) days of the date this Order becomes final, and

    b. to file complete, proper and timely remittance reports with accompanying contributions for all periods to date (including periods with no work, which shall be reported as such); and

    c. This judgment shall not preclude collection of any additional delinquency reported in new forms or discovered in the audit.

5. Within a reasonable time after completion of the inspection of the payroll books and records, Plaintiffs will file with the Court and serve upon Defendant an itemized and verified list of all delinquent contributions, liquidated damages, interest, attorneys' fees, costs and expenses. Absent objection within five (5) business days of service upon Defendant, the Court will enter final judgment in favor of Plaintiffs and against Defendant, as requested in the filed statement. In the event of an objection, the Court will determine the need for a further hearing.

6. This Order and Judgment is enforceable, without duplication, by one or more of the Plaintiffs, jointly and severally, or their agents.

7. Plaintiffs shall promptly cause a copy of this Judgment to be served upon Defendant and shall file a certificate of such service upon this docket.

8. The Clerk of Court, after entry of the Judgment herein, shall close this case upon the docket. The Court maintains jurisdiction over the enforcement of this Order and Judgment by Default.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        U.S. District Judge